**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

**District of Delaware**

(State)

Case number *(if known)*: _____    Chapter ___11___

☐ Check if this is an amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy

06/22

If more space is needed, attach a separate sheet to this form.  On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.

| | | |
|---|---|---|
| 1. | **Debtor's Name** | **New Penn Motor Express LLC** |

| | | | |
|---|---|---|---|
| 2. | **All other names debtor used in the last 8 years** | **New Penn Motor Express, Inc.** | |
| | Include any assumed names, trade names, and *doing business as* names | | |

| | | |
|---|---|---|
| 3. | **Debtor's federal Employer Identification Number (EIN)** | **23-2209533** |

4. **Debtor's address**

| **Principal place of business** | **Mailing address, if different from principal place of business** |
|---|---|
| **11500 Outlook Street, Suite 400** | |
| Number          Street | Number          Street |
| | P.O. Box |
| **Overland Park, Kansas 66211** | |
| City                    State    Zip Code | City                          State    Zip Code |
| | **Location of principal assets, if different from principal place of business** |
| **Johnson County** | |
| County | Number          Street |
| | |
| | City                          State    Zip Code |

| | | |
|---|---|---|
| 5. | **Debtor's website** (URL) | https://www.myyellow.com/ |

6. **Type of debtor**

☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding LLP)

☐ Other. Specify: _____

| Debtor | **New Penn Motor Express LLC** | Case number *(if known)* | |
|---|---|---|---|
| | Name | | |

**7. Describe debtor's business**

A. *Check One:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☒ None of the above

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .
4481

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

A debtor who is a "small business debtor" must check the first sub- box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box

*Check One:*

☐ Chapter 7

☐ Chapter 9

☒ Chapter 11.   *Check all that apply:*

    ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

    ☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, and it chooses to proceed under Subchapter V of Chapter 11. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

    ☐ A plan is being filed with this petition.

    ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

    ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

    ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒ No

☐ Yes.

| | District | | When | MM/DD/YYYY | Case number | |
|---|---|---|---|---|---|---|
| | District | | When | MM/DD/YYYY | Case number | |

Debtor    **New Penn Motor Express LLC**                                    Case number *(if known)* _____
_____
Name

| | |
|---|---|
| **10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**<br><br>List all cases. If more than 1, attach a separate list. | ☐ No<br>☒ Yes.    Debtor    **See Rider 1** _____    Relationship    **Affiliate** _____<br><br>District    **District of Delaware** _____    When    **08/06/2023**<br>MM / DD / YYYY<br><br>Case number, if known    _____ |

**11. Why is the case filed in *this* district?**

*Check all that apply:*

☒ Debtor has its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No[1]
☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____
                                              Number        Street

_____
City                              State      Zip Code

**Is the property insured?**

☐ No

☐ Yes.    Insurance agency _____

            Contact name _____

            Phone _____

| | |
|---|---|
| **Statistical and administrative information** | |

**13. Debtor's estimation of available funds**

*Check one:*

☒ Funds will be available for distribution to unsecured creditors.
☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors (on a consolidated basis)**

☐ 1-49        ☐ 1,000-5,000        ☐ 25,001-50,000
☐ 50-99        ☐ 5,001-10,000       ☐ 50,001-100,000
☐ 100-199      ☐ 10,001-25,000      ☒ More than 100,000
☐ 200-999

---

[1] The Debtors provide their customers with a wide range of transportation services through their vehicle fleets and a network of service centers, equipment, and transportation professionals. Certain Debtors possess or operate certain real property where remediation and other cleanup efforts associated with these services may be presently underway. The Debtors note that the term "imminent and identifiable hazard" is not defined in this form; however, the Debtors do not believe they own or possess any real or personal property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety.

Debtor    **New Penn Motor Express LLC**
Name                                                              Case number *(if known)*

| 15. Estimated assets (on a consolidated basis) | ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
|---|---|---|---|
| | ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☒ $1,000,000,001-$10 billion |
| | ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| | ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

| 16. Estimated liabilities (on a consolidated basis) | ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
|---|---|---|---|
| | ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☒ $1,000,000,001-$10 billion |
| | ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| | ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

## Request for Relief, Declaration, and Signatures

**WARNING --**  Bankruptcy fraud is a serious crime.  Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    __08/06/2023__
                      MM/ DD / YYYY

✗    __/s/ Matthew A. Doheny__                              Matthew A. Doheny
     Signature of authorized representative of debtor       Printed name

Title    __Chief Restructuring Officer__

**18. Signature of attorney**

✗    __/s/ Laura Davis Jones__              Date    __08/06/2023__
     Signature of attorney for debtor               MM/DD/YYYY

__Laura Davis Jones__
Printed name

__Pachulski Stang Ziehl & Jones LLP__
Firm name

__919 North Market Street, 17th Floor__
Number                          Street

__Wilmington__                              __Delaware__        __19801__
City                                        State          ZIP Code

__(302) 652-4100__                          __ljones@pszjlaw.com__
Contact phone                               Email address

__2436__                                    __Delaware__
Bar number                                  State

| Fill in this information to identify the case: |
| --- |

United States Bankruptcy Court for the:

**District of Delaware**
*(State)*

Case number *(if known):* _____   Chapter ___11___

☐ Check if this is an
amended filing

**Rider 1**
**Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor**

On the date hereof, each of the entities listed below (collectively, the "<u>Debtors</u>") filed a petition in the United States Bankruptcy Court for the District of Delaware for relief under chapter 11 of title 11 of the United States Code. The Debtors have moved for joint administration of these cases under the case number assigned to the chapter 11 case of Yellow Corporation.

Yellow Corporation
1105481 Ontario Inc.
Express Lane Service, Inc.
New Penn Motor Express LLC
Roadway Express International, Inc.
Roadway LLC
Roadway Next Day Corporation
USF Bestway Inc.
USF Dugan Inc.
USF Holland International Sales Corporation
USF Holland LLC
USF RedStar LLC

USF Reddaway Inc.
Yellow Freight Corporation
Yellow Logistics, Inc.
YRC Association Solutions, Inc.
YRC Enterprise Services, Inc.
YRC Freight Canada Company
YRC Inc.
YRC International Investments, Inc.
YRC Logistics Inc.
YRC Logistics Services, Inc.
YRC Mortgages, LLC
YRC Regional Transportation, Inc.

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| NEW PENN MOTOR EXPRESS LLC, | ) | Case No. 23-_____(___) |
| | ) | |
| Debtor. | ) | |
| | ) | |

**LIST OF EQUITY SECURITY HOLDERS[2]**

| Equity Holder | Address of Equity Holder | Percentage of Equity Held |
|---|---|---|
| Yellow Corporation | 11500 Outlook Street, Suite 400, Overland Park, Kansas 66211 | 100% |

---

[2]    This list serves as the disclosure required to be made by the debtor pursuant to Rule 1007 of the Federal Rules of Bankruptcy Procedure.  All equity positions listed indicate the record holder of such equity as of the date of commencement of the chapter 11 case.

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| NEW PENN MOTOR EXPRESS LLC, | ) | Case No. 23-_____(___) |
|  | ) |  |
| Debtor. | ) |  |
|  | ) |  |

## CORPORATE OWNERSHIP STATEMENT

Pursuant to Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the following are corporations, other than a government unit, that directly or indirectly own 10% or more of any class of the debtor's equity interest:

| Shareholder | Approximate Percentage of Shares Held |
|---|---|
| Yellow Corporation | 100% |

Debtor  Yellow Corporation , et al. ,

Case number (if known)_____

Fill in this information to identify the case:

| | |
|---|---|
| Debtor name: Yellow Corporation | |
| United States Bankruptcy Court for the: District of Delaware | |
| Case number (if known): | ☐ |

Check if this is an amended filing

## Official Form 204

## Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders

12/15

A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim if the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | BNSF RAILWAY COMPANY ATTN: KATIE FARMER 2650 LOU MENK DR FORT WORTH, TX  76131 | KATIE FARMER PRESIDENT AND CHIEF EXECUTIVE OFFICER EMAIL - katie.farmer@bnsf.com | Trade Payable | | | | $6,309,235 |
| 2 | EXL SERVICE HOLDINGS INC ATTN: ROHIT KAPOOR 320 PARK AVE 29TH FLOOR NEW YORK, NY  10022 | ROHIT KAPOOR VICE CHAIRMAN AND CHIEF EXECUTIVE OFFICER EMAIL - rohit.kapoor@exlservice.com PHONE - (917) 842-8330 | Trade Payable | | | | $3,331,326 |
| 3 | AMAZON ATTN: ANDY JASSY 410 TERRY AVE N SEATTLE, WA  98109 | ANDY JASSY PRESIDENT AND CHIEF EXECUTIVE OFFICER EMAIL - andyj@amazon.com PHONE - (206) 266-2261 | Customer Overpayment and Customer Incentive | Contingent | | | $2,091,899* |
| 4 | PILOT TRAVEL CENTERS LLC ATTN: ADAM WRIGHT 5500 LONAS DRIVE KNOXVILLE, TN  37909 | ADAM WRIGHT CHIEF EXECUTIVE OFFICER EMAIL - awright@pilotflyingj.com | Trade Payable | | | | $1,860,839 |
| 5 | HOME DEPOT ATTN: TED DECKER 2455 PACES FERRY RD SE ATLANTA, GA  30339 | TED DECKER CHAIRMAN, PRESIDENT & CHIEF EXECUTIVE OFFICER EMAIL - ted_decker@homedepot.com | Cargo-Related Claim, Customer Overpayment, and Customer Overcharge | Contingent | | | $1,663,577* |
| 6 | BELK EXPRESS ATTN: ANTHONY BELK 7814 SCRAPESHIN TRAIL CHATTANOOGA, TN  37421 | ANTHONY BELK PRINCIPAL EMAIL - aggoalie@yahoo.com PHONE - (423) 503-1236 FAX - (423) 521-3757 | Trade Payable | | | | $1,198,204 |
| 7 | RFT LOGISTICS LLC ATTN: CHRISTOPHER MEJIA 14439 NW MILITARY HWY SUITE 108-607 SAN ANTONIO, TX  78231 | CHRISTOPHER MEJIA CHIEF EXECUTIVE OFFICER EMAIL - truckload@rftlogistics.com PHONE - (512) 905-2797 | Trade Payable | | | | $1,105,997 |
| 8 | PENSKE TRUCK LEASING ATTN: BRIAN HARD ROUTE 10 GREEN HILLS READING, PA  19603 | BRIAN HARD PRESIDENT AND CHIEF EXECUTIVE OFFICER EMAIL - b.hard@gopenske.com PHONE - (252) 446-1106 | | | | | $1,104,630 |
| 9 | UNION PACIFIC RAILROAD ATTN: JENNIFER HAMANN 1400 DOUGLAS ST OMAHA, NE  68179 | JENNIFER HAMANN EXECUTIVE VICE PRESIDENT AND CHIEF FINANCIAL OFFICER EMAIL - jhamann@up.com | Trade Payable | | | | $1,089,196 |
| 10 | GOODYEAR TIRE & RUBBER COMPANY ATTN: CHRISTINA ZAMARRO 200 INNOVATION WAY AKRON, OH  44316-0001 | CHRISTINA ZAMARRO EXECUTIVE VICE PRESIDENT AND CHIEF FINANCIAL OFFICER EMAIL - christina_zamarro@goodyear.com | Trade Payable and Cargo-Related Claim | Contingent | | | $1,039,640 |
| 11 | MICHELIN NORTH AMERICA INC ATTN: ALEXIS GARCIN 1 PARKWAY S GREENVILLE, SC  29615 | ALEXIS GARCIN PRESIDENT AND CHIEF EXECUTIVE OFFICER EMAIL - alexis.garcin@michelin.com | Trade Payable | | | | $1,020,609 |
| 12 | KEURIG DR. PEPPER ATTN: ANTHONY SHOEMAKER 6425 HALL OF FAME LANE FRISCO, TX  75034 | ANTHONY SHOEMAKER CHIEF LEGAL OFFICER & GENERAL COUNSEL EMAIL - anthony.shoemaker@kdrp.com | Customer Overcharge | Contingent | | | $912,969* |
| 13 | DIRECT CHASSISLINK, INC. ATTN: BILL SHEA 3525 WHITEHALL PARK DRIVE SUITE 400 CHARLOTTE, NC  28273 | BILL SHEA CHIEF EXECUTIVE OFFICER EMAIL - bill.shea@dcli.com | Trade Payable | | | | $894,689 |
| 14 | MID-AMERICAN CONSTRUCTORS LLC ATTN: JARRETT R. MINCH 4202 PINGREE ROAD HOWELL, MI  48843 | JARRETT R. MINCH AGENT EMAIL - jarrett.minch@swbell.net PHONE - (734) 728-8352 | Trade Payable | | | | $883,851 |
| 15 | BED BATH & BEYOND ATTN: DAVID KASTIN 650 LIBERTY AVE UNION, NJ  07083 | DAVID KASTIN EXECUTIVE VICE PRESIDENT, CHIEF LEGAL OFFICER AND CORPORATE SECRETARY EMAIL - david.kastin@bedbath.com | Cargo-Related Claim and Customer Overpayment | Contingent | | | $878,503* |

*Contingent on potential setoff

Debtor  Yellow Corporation , et al.,

Case number (if known)_____

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim if the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 16 | COTY ATTN: SUE NABI 350 5TH AVE NEW YORK, NY  10118 | SUE NABI CHIEF EXECUTIVE OFFICER EMAIL - sue_nabi@cotyinc.com | Customer Overcharge | Contingent | | | $867,891* |
| 17 | DAIMLER TRUCKS NA ATTN: JOHN OLEARY 4555 NORTH CHANNEL AVENUE PORTLAND, OR  97217 | JOHN OLEARY PRESIDENT AND CHIEF EXECUTIVE OFFICER EMAIL - john.oleary@daimler.com PHONE - (503) 745-9040 | Customer Overcharge | Contingent | | | $761,324* |
| 18 | NORTH AMERICAN TRANSACTION SERVICES ATTN: BARBARA CARLSON PO BOX 7247-6171 PHILADELPHIA, PA  19170 | BARBARA CARLSON AUTHORIZED REPRESENTATIVE EMAIL - vfs.psf.support.na@volvo.com PHONE - (866) 428-6904 | Trade Payable | | | | $709,858 |
| 19 | CENTRAL PENNSYLVANIA TEAMSTERS ATTN: WILLIAM M. SHAPPELL 1055 SPRING STREET WYOMISSING, PA  19610 | WILLIAM M. SHAPPELL PRESIDENT AND CHAIRMAN EMAIL - pensionfund@centralpateamsters.com PHONE - (610) 320-5521 / 610-320-5505 | Union - Health and Welfare Fund | Unliquidated | | | Undetermined |
| 20 | CENTRAL STATES H&W FUND ATTN: THOMAS NYHAN 8647 WEST HIGGINS RD. ROSEMONT, IL  60631 | THOMAS NYHAN EXECUTIVE DIRECTOR EMAIL - thomas.nyhan@myteamcare.org PHONE - (847) 648-0010 | Union - Health and Welfare Fund | Unliquidated | | | Undetermined |
| 21 | CENTRAL STATES PENSION ATTN: THOMAS NYHAN 8647 WEST HIGGINS RD. ROSEMONT, IL  60631 | THOMAS NYHAN EXECUTIVE DIRECTOR EMAIL - thomas.nyhan@myteamcare.org PHONE - (847) 648-0010 | Union - Pension Fund | Unliquidated | | | Undetermined |
| 22 | IAM NATIONAL 401K PLAN ATTN: ROBERT MARTINEZ, JR. C/O INTERNATIONAL ASSOCIATION OF MACHINISTS 12365 ST. CHARLES ROCK ROAD BRIDGETON, MO  63044 | ROBERT MARTINEZ, JR. PRESIDENT EMAIL - bobby.martinez@iamaw.ca PHONE - (888) 739-6442 / (314) 739-6442 FAX - (314) 739-2374 | Union - Pension Fund and Pension Withdrawal Liability | Unliquidated | | | Undetermined |
| 23 | IBT LOCAL 710 ATTN: SEAN O'BRIEN C/O INTERNATIONAL BROTHERHOOD OF TEAMSTERS 25 LOUISIANA AVE, N.W. WASHINGTON, DC  200001 | SEAN O'BRIEN GENERAL PRESIDENT EMAIL - sobrien@teamster.org PHONE - (202) 624-6800 | Union - Pension & Health and Welfare Fund | Unliquidated | | | Undetermined |
| 24 | LOCAL 707 ATTN: KEVIN MCCAFFREY 14 FRONT STREET SUITE 301 HEMPSTEAD, NY  11550 | KEVIN MCCAFFREY PRESIDENT EMAIL - kmccaffrey@ibt707.com PHONE - (516) 560-8501 | Union - Pension & Health and Welfare Fund | Unliquidated | | | Undetermined |
| 25 | LOCAL 805 PENSION AND RETIREMENT PLAN ATTN: ARTHUR KATZ 60 BROAD STREET 37TH FLOOR NEW YORK, NY  10004 | ARTHUR KATZ PLAN TRUSTEE PHONE - (212) 308-4200 FAX - (212) 308-4545 | Union - Pension Withdrawal Liability | Unliquidated | | | Undetermined |
| 26 | MICHIGAN CONFERENCE OF TEAMSTERS ATTN: KYLE STALLMAN 2700 TRUMBULL AVENUE DETROIT, MI  48216 | KYLE STALLMAN EXECUTIVE DIRECTOR EMAIL - kstallman@mctwf.org PHONE - (313) 964-2400 / (800) 572-7687 | Union - Pension & Health and Welfare Fund | Unliquidated | | | Undetermined |
| 27 | NY STATE TEAMSTERS COUNCIL ATTN: JOHN A. BULGARO 151 NORTHERN CONCOURSE SYRACUSE, NY  13212-4047 | JOHN A. BULGARO CO-CHAIRMAN PHONE - (315) 455-9790 | Union - Pension & Health and Welfare Fund | Unliquidated | | | Undetermined |
| 28 | PENSION BENEFIT GUARANTY CORPORATION ATTN: PATRICIA KELLY 1200 K STREET, NW WASHINGTON, DC  20015 | PATRICIA KELLY CHIEF FINANCIAL OFFICER EMAIL - pbgpublicaffairs@pbgc.gov PHONE - (202) 326-4110 FAX - (202) 229-4047 | Union - Pension | Contingent and Unliquidated | | | Undetermined |
| 29 | TEAMSTERS NATIONAL 401K SAVINGS PLAN ATTN: SEAN O'BRIEN C/O INTERNATIONAL BROTHERHOOD OF TEAMSTERS 25 LOUISIANA AVE, N.W. WASHINGTON, DC  200001 | SEAN O'BRIEN GENERAL PRESIDENT EMAIL - sobrien@teamster.org PHONE - (202) 624-6800 | Union - Pension Fund | Unliquidated | | | Undetermined |
| 30 | WESTERN TEAMSTERS WELFARE FUND ATTN: CHUCK MACK 2323 EASTLAKE AVE. E SEATTLE, WA  98102 | CHUCK MACK UNION CHAIRMAN AND FUND TRUSTEE EMAIL - chuckmack620@gmail.com PHONE - (206) 329-4900 / (800) 531-1489 | Union - Health and Welfare Fund | Unliquidated | | | Undetermined |

*Contingent on potential setoff

Fill in this information to identify the case and this filing:

| | |
|---|---|
| Debtor Name | **New Penn Motor Express LLC** |
| United States Bankruptcy Court for the: | **District of Delaware** |
| | (State) |
| Case number (If known): | |

## Official Form 202
## Declaration Under Penalty of Perjury for Non-Individual Debtors          12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐   *Schedule A/B: Assets-Real and Personal Property (Official Form 206A/B)*

☐   *Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)*

☐   *Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)*

☐   *Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)*

☐   *Schedule H: Codebtors (Official Form 206H)*

☐   *Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)*

☐   Amended Schedule

☒   *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders (Official Form 204)*

☒   Other document that requires a declaration **List of Equity Security Holders and Corporate Ownership Statement**

I declare under penalty of perjury that the foregoing is true and correct.

| | | | |
|---|---|---|---|
| Executed on | **08/06/2023** | ☒ | */s/ Matthew A. Doheny* |
| | MM/ DD/YYYY | | Signature of individual signing on behalf of debtor |
| | | | **Matthew A. Doheny** |
| | | | Printed name |
| | | | **Chief Restructuring Officer** |
| | | | Position or relationship to debtor |

**OMNIBUS WRITTEN CONSENT IN LIEU OF**
**MEETINGS OF THE BOARD OF**
**DIRECTORS OR MANAGERS**

August 6, 2023

The undersigned, being all of the members of the board of directors or board of managers, as applicable (each, a "Board" and collectively, the "Board") of the entities listed on Schedule A hereto (the "Companies" and each, a "Company"), hereby take the following actions and adopt the following resolutions by unanimous written consent (this "Consent") pursuant to (as applicable) the by-laws, operating agreement, limited liability company agreement or similar governing document of each Company (such Company's "Bylaws") with the same force and effect as if they had been unanimously adopted at a duly convened meeting of the Board:

I.   **AUTHORIZATION TO REDUCE THE SIZE OF THE BOARD OF DIRECTORS OF YELLOW CORPORATION**

**WHEREAS**, pursuant to the Amended and Restated Certificate of Incorporation dated February 4, 2021 of Yellow Corporation, the precise number of the board of directors of Yellow Corporation (the "Yellow Board"), other than those who may be elected by the holders of one or more series of preferred stock voting separately by class or series, shall be fixed from time to time exclusively pursuant to a resolution adopted by the majority of the whole Yellow Board;

**WHEREAS**, on April 19, 2023, the Yellow Board adopted a resolution increasing the total number of directors fixed for the Yellow Board, including those directors who may be elected by the holders of preferred stock, to eleven (11);

**WHEREAS**, Matthew A. Doheny and Javier Evans resigned from the Yellow Board effective July 31, 2023; and

**WHEREAS**, the Yellow Board deems it advisable and in the best interest of Yellow Corporation and its stockholders to decrease the number of directors fixed for the Yellow Board by two (2) so that the number shall be nine (9).

**RESOLVED**, that the number of directors for the Yellow Board shall be fixed at nine (9).

II.   **CHAPTER 11 FILING**

**WHEREAS**, the Board has reviewed and considered the filing of a voluntary petition for relief for the Company under the provisions of chapter 11 of title 11 of the United States Code, 11 U.S.C. § 101 *et seq.* (as amended, the "Bankruptcy Code") pursuant to applicable law and in

accordance with the requirements of the Company's governing documents and applicable law (the "<u>Restructuring Matters</u>"); and

**WHEREAS**, the Board has reviewed, analyzed, and considered the materials presented by the Company's financial and legal advisors regarding Restructuring Matters, and has had adequate opportunity to consult such persons regarding the materials presented, obtain additional information, and fully consider each of the strategic alternatives available to the Company.

**RESOLVED**, in the business judgment of the Board it is desirable and in the best interest of the Company, its creditors, other stakeholders, and other parties in interest, that the Company files or causes to be filed a voluntary petition for relief and any other petition for relief or recognition or other order that may be desirable under applicable law in the United States (collectively, the "<u>Bankruptcy Petition</u>") under the provisions of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "<u>Bankruptcy Court</u>"), and, in accordance with the requirements in the Company's governing documents and applicable law, hereby consents to, authorizes and approves, the filing of the Bankruptcy Petition;

**FURTHER RESOLVED**, any manager or other duly appointed officer of the Company, which shall include each of the Chief Restructuring Officer, Chief Executive Officer, Chief Financial Officer, General Counsel, any Executive Vice President, or any Senior Vice President, and any successor thereto or any person holding any similar position of the Company (collectively, the "<u>Authorized Persons</u>") be, and each of them individually hereby is, authorized and directed for and on behalf of the Company to take all actions (including, without limitation, to negotiate and execute any documents, certificates, supplemental agreements, and instruments) and to act as signatory and attorney on behalf of the Company in respect of the Restructuring Matters, and/or any persons to whom such Authorized Persons and/or officers delegate certain responsibilities be, and hereby are, authorized to execute and file on behalf of the Company all petitions, schedules, lists, and other motions, papers, or documents, and to take any and all action that they deem necessary or proper to obtain such relief under the Bankruptcy Code, including, but not limited to, any action necessary or proper to maintain the ordinary course operations of the Company's businesses;

**FURTHER RESOLVED**, each of the Authorized Persons be, and each of them individually hereby is, authorized, empowered, and directed to retain or employ on behalf of the Company: (i) the law firm of Kirkland & Ellis LLP and Kirkland & Ellis International LLP as bankruptcy counsel; (ii) the law firm of Pachulski Stang Ziehl Jones LLP as local bankruptcy counsel; (iii) Ducera Partners LLC as investment banker; (iv) Alvarez & Marsal North America, LLC as restructuring advisor; (v) Epiq Bankruptcy Solutions LLC as claims and noticing agent; and (vi) any other legal counsel, accountants, financial advisors, restructuring advisors, or other professionals the Authorized Persons deem necessary, appropriate or advisable (each, a "<u>Professional</u>" and collectively, the "Professionals"); each to represent and assist the Company in carrying out its duties and responsibilities and exercising its rights under the Bankruptcy Code and any applicable law (including, but not limited to, the law firms filing any pleadings or responses); and in connection therewith, the Authorized Persons be, and each of them individually hereby is, authorized, empowered and directed, in accordance with the terms and conditions

hereof, to execute appropriate retention and employment agreements, pay appropriate retainers, and cause to be filed appropriate applications for authority to retain such services; and

**FURTHER RESOLVED**, each of the Authorized Persons be, and each of them individually hereby is, authorized, empowered and directed to execute and file, or direct the Company's Professionals to file, all petitions, schedules, motions, lists, applications, pleadings, and other papers, and to perform such further actions and execute such further documentation that the Authorized Persons in their absolute discretion deem necessary, appropriate or desirable in accordance with these resolutions.

## III.    CCAA RECOGNITION APPLICATION

**RESOLVED**, that in the business judgment of each Board and based on the recommendation from management and the financial and legal advisors of the Companies, it is desirable and in the best interests of each Company, its creditors and other parties in interest that recognition proceedings be filed by or on behalf of 1105481 Ontario Inc., USF Holland International Sales Corporation, YRC Logistics Inc. and YRC Freight Canada Company (and such other Company as may be necessary) in Canada under the Companies' Creditors Arrangement Act (Canada) ("CCAA") in respect of the Company's chapter 11 case and that such other insolvency or bankruptcy relief in Canada in respect of such Companies and any other Company be sought (the "Canadian Proceedings"), and the filing of such applications are authorized hereby;

**FURTHER RESOLVED**, that, subject to approval of the Bankruptcy Court, Yellow Corporation is hereby appointed as the foreign representative of each of 1105481 Ontario Inc., USF Holland International Sales Corporation, YRC Logistics Inc. and YRC Freight Canada Company (and such other Company as may be necessary) to appear in connection with the Canadian Proceedings;

**FURTHER RESOLVED**, that, subject to such approvals of the Bankruptcy Court as may be necessary, each of the Authorized Persons be, and hereby is, authorized, empowered and directed on behalf of and in the name of 1105481 Ontario Inc., USF Holland International Sales Corporation, YRC Logistics Inc. and YRC Freight Canada Company (and such other Company as may be necessary) to appoint an individual or entity as its foreign representative to appear in connection with Canadian Proceedings;

**FURTHER RESOLVED**, that each of the Authorized Persons be, and hereby is, authorized, empowered and directed to execute and file on behalf of 1105481 Ontario Inc., USF Holland International Sales Corporation, YRC Logistics Inc. and YRC Freight Canada Company (or such other Company as may be necessary) all petitions, schedules, motions, objections, replies, applications, pleadings, lists, documents and other papers, and to take any and all action that such Authorized Persons deem necessary, appropriate or desirable to obtain such relief, including, without limitation, any action necessary, appropriate or desirable to maintain the ordinary course operation of such Company's businesses or to assist such Company in the Canadian Proceedings and in carrying out its duties under the provisions of the CCAA;

**FURTHER RESOLVED**, that each of the Authorized Persons be, and hereby is, authorized and directed on behalf of and in the name of 1105481 Ontario Inc., USF Holland

International Sales Corporation, YRC Logistics Inc. and YRC Freight Canada Company (and such other Company as may be necessary) to employ Goodmans LLP ("Goodmans") as Canadian counsel to provide Canadian legal advice to the Companies, to represent and assist each Company in carrying out its duties under the CCAA and the Canadian Proceedings, and to take any and all actions to advance the Company's rights and obligations, including filing any motions, objections, replies, applications, or pleadings, and in connection therewith, each of the Authorized Persons, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers and, if required, to cause to be filed an appropriate application for authority to retain Goodmans in accordance with applicable law; and

**FURTHER RESOLVED**, that each of the Authorized Persons be, and hereby is, authorized and directed to pay the fees and expenses of the proposed Canadian court appointed Information Officer in the Canadian Proceedings, Alvarez & Marsal Canada Inc., and its counsel, Cassels Brock & Blackwell LLP, in connection with the Canadian Proceedings and, as applicable, on such terms and conditions as the Canadian Court shall subsequently approve.

## IV.   SENIOR SECURED DEBTOR-IN-POSSESSION CREDIT AGREEMENT

**WHEREAS,** Yellow Corporation, a Delaware corporation ("Borrower"), the other entities listed on Schedule B hereto, as Guarantors (together, the "DIP Loan Parties" and each a "DIP Loan Party"), the financial institutions from time to time party thereto (the "DIP Lenders") and Alter Domus Products Corp., as administrative agent and collateral agent (collectively, the "DIP Agent") propose to enter into that certain Senior Secured Super-Priority Debtor-In-Possession Credit Agreement, to be dated on or about the date hereof (as amended, restated, amended and restated, supplemented, refinanced, extended or otherwise modified from time to time, the "DIP Credit Agreement");

**WHEREAS**, each DIP Loan Party is a direct or indirect subsidiary of the Borrower;

**WHEREAS**, the obligation of the DIP Lenders to make the Loans to the Borrower under the DIP Credit Agreement is subject to each DIP Loan Party having satisfied certain conditions described in the DIP Credit Agreement; and

**WHEREAS**, each Board of the DIP Loan Parties listed on Schedule B (collectively, the "DIP Loan Board") deems it to be advisable and in the best interests of each respective DIP Loan Party to enter into the DIP Credit Agreement and each other DIP Loan Document (as defined below) to which it is a party and each agreement, document, instrument, certificate, recording and filing relating thereto.

**RESOLVED,** that the form, terms and provisions of (i) the DIP Credit Agreement and (ii) each of the instruments, agreements and documents listed below (including the DIP Credit Agreement, collectively, the "DIP Loan Documents"), substantially in the form delivered pursuant to the DIP Credit Agreement, and the transactions contemplated thereunder, each DIP Loan Party's performance of its obligations under the DIP Credit Agreement and other DIP Loan Documents, including any borrowings or guarantee thereunder, as applicable, and the grant and maintaining of security and liens on its assets under the DIP Loan Documents, be, and hereby are, in all respects, authorized and approved; and further resolved, that any of the members of the DIP Loan Board or

each of the chief executive officer (if any), any president, any vice president, any chief financial officer, any chief operating officer, any controller, the treasurer, any assistant treasurer, the secretary or any assistant secretary of the DIP Loan Party and any other person designated by the DIP Loan Board or any president (collectively, the "Authorized Officers"), acting alone or with one or more other Authorized Officers be, and hereby is, authorized and empowered to execute and deliver the DIP Documents (including by facsimile, electronic or comparable method), and to cause each DIP Loan Party to perform its obligations thereunder, and each of the instruments, certificates, notices and documents contemplated thereby, in the name and on behalf of each DIP Loan Party under its seal or otherwise, substantially in the forms presented to and/or with the terms reviewed by or with the undersigned with such changes as any Authorized Officer may in his or her sole discretion approve, with such execution by said Authorized Officer to constitute conclusive evidence of his or her review and approval of the terms thereof, including any departures therein from or amendments, modifications, supplements, alterations, changes or adjustments to the form presented to the DIP Loan Board:

(a)     the Senior Secured Super-Priority Debtor-In-Possession Security Agreement;

(b)     any note;

(c)     any fee letter in connection with the DIP Credit Agreement;

(d)     UCC financing statements, fixture filings, and other instruments as may be reasonably requested by the DIP Agent or as may be necessary or appropriate to create, preserve and perfect the security interests purported to be created by the DIP Loan Documents;

(e)     such other security agreements, pledge agreements, deeds of trust, mortgages, notices, financing statements, tax affidavits, reaffirmation agreements, and other instruments as may be necessary or appropriate to create, preserve and perfect the liens purported to be required pursuant to the DIP Loan Documents to be created in the Collateral as collateral security for the payment of obligations, advances, debts or liabilities related to each DIP Loan Party's Obligations;

(f)     such agreements with third parties (including, without limitation, bank agency agreements, motor vehicle perfection agreements, lockbox agreements, blocked account agreements, control agreements, credit card notices, customs broker agreements, landlord agreements and warehouse letters) relating to the Collateral as may be necessary or appropriate to create, preserve and perfect the liens purported to be required pursuant to the DIP Loan Documents to be created in the Collateral as collateral security for the payment of obligations, advances, debts or liabilities related to each DIP Loan Party's obligations; and

(g)     such other Loan Documents (as defined in the DIP Credit Agreement), documents, agreements, instruments, certificates, notices and assignments as may be reasonably requested by the DIP Agent or required by the DIP Credit Agreement, DIP Loan Documents or any other Loan Documents;

**FURTHER RESOLVED,** that each DIP Loan Party will receive value from its entry into and obtain benefits under the DIP Credit Agreement and any other DIP Loan Documents and such actions are necessary and convenient to support the conduct, promotion and attainment of the business of each DIP Loan Party;

**FURTHER RESOLVED,** that each of the Authorized Officers, acting alone, be, and hereby is, authorized and empowered, in the name and on behalf of each DIP Loan Party, to take all such further actions including, without limitation, to pay or cause to be paid all fees and expenses in accordance with the terms of the DIP Loan Documents, to arrange for and enter into supplemental agreements, amendments, instruments, certificates or documents relating to the transactions contemplated by the DIP Credit Agreement or any of the other DIP Loan Documents and to execute and deliver all such supplemental agreements, amendments, instruments, certificates or documents in the name and on behalf of each DIP Loan Party, which shall in their sole judgment be necessary, proper or advisable in order to perform each DIP Loan Party's obligation under or in connection with the DIP Credit Agreement or any of the other DIP Loan Documents and the transactions contemplated therein, and which necessity and advisability shall be conclusively evidenced by such Authorized Officer's execution thereof, to carry out fully the intent of the foregoing resolutions;

**FURTHER RESOLVED,** that each of the Authorized Officers, acting alone, be, and hereby is, authorized and empowered to execute and deliver any amendments, amendment and restatements, documents, supplements, waivers, modifications, renewals, refinancings, replacements, consolidations, substitutions and extensions of the DIP Credit Agreement and any of the other DIP Loan Documents which shall in their sole judgment be necessary, proper or advisable;

**FURTHER RESOLVED**, that the DIP Agent (or its designee) is authorized to file or record financing statements and other filing or recording documents or instruments with respect to the Collateral without the signature of each DIP Loan Party in such form and in such offices as the DIP Lenders determines appropriate to perfect the security interests of the DIP Agent under the DIP Credit Agreement and the other DIP Loan Documents, as appropriate.  The DIP Agent is authorized to use the collateral description "all or substantially all personal property assets", "all personal property of the debtor now owned or hereafter acquired", "all assets, wherever located, whether now owned or existing or hereafter acquired or arising, together with all proceeds thereof" or any "all assets" or similar description in any such financing statements;

**FURTHER RESOLVED,** that all acts and actions taken by the Authorized Officers prior to the date hereof with respect to the transactions contemplated by the DIP Credit Agreement and any of the other DIP Loan Documents be, and hereby are, in all respects confirmed, approved and ratified; and

**FURTHER RESOLVED**, that the capitalized terms used in the resolutions under the caption "SENIOR SECURED SUPERPRIORITY DEBTOR-IN-POSSESSION CREDIT AGREEMENT" and not otherwise defined herein shall have the meanings ascribed to such terms in the DIP Credit Agreement.

## V. <u>GENERAL RATIFICATION</u>

**RESOLVED,** that any acts of each Board or the Authorized Officers of each Company or of any person or persons designated and authorized to act by an officer of each Company, which acts would have been authorized by the foregoing resolutions except that such acts were taken prior to the adoption of such resolutions, are hereby severally ratified, confirmed, approved and adopted as acts in the name and on behalf of each Company.

## VI. <u>MISCELLANEOUS</u>

**RESOLVED**, that in order to fully carry out the intent and effectuate the purposes of the foregoing resolutions, the Authorized Officers be, and each hereby is, authorized to take all such further action, and to execute and deliver all such further instruments and documents, in the name and on behalf of each Company, and under its seal or otherwise, and to pay all such fees and expenses, which shall in such Authorized Officer's judgment be necessary, proper or advisable.

* * * * * * * *

IN WITNESS WHEREOF, the undersigned have executed this consent as of the date first written above.



Darrel J. Harris

Daniel C. Kling

Ashley Shomin

**BEING ALL OF THE MEMBERS OF THE BOARD OF DIRECTORS OF:**

USF REDDAWAY INC.

IN WITNESS WHEREOF, the undersigned have executed this consent as of the date first written above.

_____
Darrel J. Harris

_____
Anthony P. Carreño

_____
Kevin J. Oakleaf

**BEING ALL OF THE MEMBERS OF THE BOARD OF DIRECTORS OF:**

EXPRESS LANE SERVICE, INC.
ROADWAY EXPRESS INTERNATIONAL, INC.
YRC ASSOCIATION SOLUTIONS, INC.
ROADWAY LLC

IN WITNESS WHEREOF, the undersigned have executed this consent as of the date first written above.

_____
Dale Derksen

_____
Jamie Carlson

_____
Kevin J. Oakleaf

**BEING ALL OF THE MEMBERS OF THE BOARD OF DIRECTORS OF:**

YRC LOGISTICS INC.

IN WITNESS WHEREOF, the undersigned have executed this consent as of the date first written above.

_____
Kevin J. Oakleaf

_____
Jamie Carlson

_____
Darrel J. Harris

**BEING ALL OF THE MEMBERS OF THE BOARD OF DIRECTORS OF:**

ROADWAY NEXT DAY CORPORATION

IN WITNESS WHEREOF, the undersigned have executed this consent as of the date first written above.

_____
Kevin J. Oakleaf

_____
Jamie Carlson

_____
Jeffrey E. Minter

**BEING ALL OF THE MEMBERS OF THE BOARD OF DIRECTORS OF:**

USF DUGAN INC.
USF HOLLAND INTERNATIONAL SALES CORPORATION
YRC LOGISTICS SERVICES, INC.
YRC REGIONAL TRANSPORTATION, INC.
USF BESTWAY INC.
USF REDSTAR LLC
YRC MORTGAGES, LLC
YELLOW FREIGHT CORPORATION

IN WITNESS WHEREOF, the undersigned have executed this consent as of the date first written above.

_____
Jamie Carlson

_____
Jeffrey H. Coltrin

_____
Matthew J. Lee

**BEING ALL OF THE MEMBERS OF THE BOARD OF DIRECTORS OF:**

YELLOW LOGISTICS, INC. (f/k/a HNRY LOGISTICS, INC.)

IN WITNESS WHEREOF, the undersigned have executed this consent as of the date first written above.

_____
Jamie Carlson

_____
Annlea Rumfola

_____
Darrel J. Harris

**BEING ALL OF THE MEMBERS OF THE BOARD OF DIRECTORS OF:**

YRC ENTERPRISE SERVICES, INC.

IN WITNESS WHEREOF, the undersigned have executed this consent as of the date first written above.

_____
Sean Saunders

_____
Melissa S. Tomlen

_____
Darrel J. Harris

**BEING ALL OF THE MEMBERS OF THE BOARD OF DIRECTORS OF:**

YRC INC.

IN WITNESS WHEREOF, the undersigned have executed this consent as of the date first written above.

Anthony P. Carreño

Dale Derksen

Kevin J. Oakleaf

**BEING ALL OF THE MEMBERS OF THE BOARD OF DIRECTORS OF:**

YRC FREIGHT CANADA COMPANY
1105481 ONTARIO INC.

IN WITNESS WHEREOF, the undersigned have executed this consent as of the date first written above.

_____

Anthony P. Carreño

_____

Jeffrey H. Coltrin

_____

Darrel J. Harris

**BEING ALL OF THE MANAGERS OF:**

NEW PENN MOTOR EXPRESS LLC

IN WITNESS WHEREOF, the undersigned have executed this consent as of the date first written above.

_____
Jeffrey E. Minter

_____
Daniel L. Olivier

_____
Darrel J. Harris

**BEING ALL OF THE MANAGERS OF:**

USF HOLLAND LLC

IN WITNESS WHEREOF, the undersigned have executed this consent as of the date first written above.

Jamie Carlson

Kevin J. Oakleaf

Ashley Shomin

**BEING ALL OF THE MEMBERS OF THE BOARD OF DIRECTORS OF:**

YRC INTERNATIONAL INVESTMENTS, INC.

IN WITNESS WHEREOF, the undersigned have executed this consent as of the date first written above.

_____
Douglas A. Carty

_____
Darren D. Hawkins

_____
James E. Hoffman

_____
Shaunna D. Jones

_____
Susana Martinez

_____
David S. McClimon

_____
Patricia M. Nazemetz

_____
Chris T. Sultemeier

_____
David H. Webber

**BEING ALL OF THE MEMBERS OF THE BOARD OF DIRECTORS OF:**

YELLOW CORPORATION

Schedule A

Companies

| Company | Jurisdiction |
|---|---|
| YELLOW CORPORATION | Delaware |
| EXPRESS LANE SERVICE, INC. | Delaware |
| NEW PENN MOTOR EXPRESS LLC | Delaware |
| ROADWAY EXPRESS INTERNATIONAL, INC. | Delaware |
| ROADWAY LLC | Delaware |
| ROADWAY NEXT DAY CORPORATION | Delaware |
| YELLOW LOGISTICS, INC. | Delaware |
| USF DUGAN INC. | Kansas |
| USF HOLLAND LLC | Delaware |
| USF REDDAWAY INC. | Oregon |
| USF REDSTAR LLC | Delaware |
| YRC ASSOCIATION SOLUTIONS, INC. | Delaware |
| YRC INC. | Delaware |
| YRC INTERNATIONAL INVESTMENTS, INC. | Delaware |
| YRC LOGISTICS SERVICES, INC. | Illinois |
| YRC MORTGAGES, LLC | Delaware |
| YRC ENTERPRISE SERVICES, INC. | Delaware |
| YRC REGIONAL TRANSPORTATION, INC. | Delaware |
| USF BESTWAY INC. | Arizona |
| YRC LOGISTICS INC. | Ontario |
| USF HOLLAND INTERNATIONAL SALES CORPORATION | Nova Scotia |
| YRC FREIGHT CANADA COMPANY | Nova Scotia |
| 1105481 ONTARIO INC. | Ontario |
| YELLOW FREIGHT CORPORATION | Delaware |

Schedule B

DIP Loan Parties

| Company | Jurisdiction |
|---|---|
| YELLOW CORPORATION | Delaware |
| EXPRESS LANE SERVICE, INC. | Delaware |
| NEW PENN MOTOR EXPRESS LLC | Delaware |
| ROADWAY EXPRESS INTERNATIONAL, INC. | Delaware |
| ROADWAY LLC | Delaware |
| ROADWAY NEXT DAY CORPORATION | Delaware |
| YELLOW LOGISTICS, INC. | Delaware |
| USF DUGAN INC. | Kansas |
| USF HOLLAND LLC | Delaware |
| USF REDDAWAY INC. | Oregon |
| USF REDSTAR LLC | Delaware |
| YRC ASSOCIATION SOLUTIONS, INC. | Delaware |
| YRC INC. | Delaware |
| YRC INTERNATIONAL INVESTMENTS, INC. | Delaware |
| YRC LOGISTICS SERVICES, INC. | Illinois |
| YRC MORTGAGES, LLC | Delaware |
| YRC ENTERPRISE SERVICES, INC. | Delaware |
| YRC REGIONAL TRANSPORTATION, INC. | Delaware |
| USF BESTWAY INC. | Arizona |
| YRC LOGISTICS INC. | Ontario |
| USF HOLLAND INTERNATIONAL SALES CORPORATION | Nova Scotia |
| YRC FREIGHT CANADA COMPANY | Nova Scotia |
| 1105481 ONTARIO INC. | Ontario |
| YELLOW FREIGHT CORPORATION | Delaware |